**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

**RICARDO RAMIREZ**                                                                    **PETITIONER**
**Reg #80879-180**

**VS.**                        **CASE NO.: 2:13CV00090 BD**

**ANTHONY HAYNES, Warden,**
**Federal Correctional Complex,**
**Forrest City, Arkansas**                                                             **RESPONDENT**

<u>**MEMORANDUM OPINION AND ORDER**</u>

**I.**   <u>**Background**</u>

Petitioner Ricardo Ramirez is currently serving a seventy-six month sentence at the
Federal Correctional Complex, Forrest City, Arkansas, after his gun-possession
conviction.  Mr. Ramirez challenges the manner in which the Bureau of Prisons ("BOP")
has calculated his sentence.  (Docket entry #1 at pp. 5-6)  Specifically, he argues his
sentence should have commenced on the date he was arrested, reportedly September 16,
2007.  (#1, p. 5)  In the alternative, he requests credit for prior custody, from September
16, 2007, through October 5, 2008.  (#1, p. 5-6)  Respondent, Warden Anthony Haynes,
contends that the BOP has calculated Mr. Ramirez's sentence correctly under 18 U.S.C.
§§ 3584 and 3585(b)(2).  (#8)

Mr. Ramirez was arrested by federal authorities for a Supervised Release Violation
("SRV").  Mr. Ramirez believes that this arrest occurred on September 16, 2007, but the
United States Marshals Service tracking system records, the executed warrant for arrest,
and an affidavit all show that Mr. Ramirez's arrest occurred on October 5, 2007.  (#8, p.

3; #8-1, p. 2; #8-1, p. 14; #8-1, p. 16)  While Mr. Ramirez's offense conduct (illegally

possessing firearms) occurred on September 16, 2007 (#8-1, p. 27), the warrant for his

arrest was not issued until September 28, 2007.  (#8-1, p. 16) He was subsequently

arrested on October 5, 2007.

On November 1, 2007, the United States District Court for the Western District of

Texas revoked Mr. Ramirez's supervised release and imposed a twelve-month SRV

sentence.  (#8-1, pp. 20-21)  Mr. Ramirez completed his SRV term on October 4, 2008.

The imposition of Mr. Ramirez's felon-in-possession sentence occurred on February 10,

2009, after he had already completed his SRV term.

## II.  <u>Discussion</u>

The Attorney General, through the BOP, has responsibility for computing federal

sentences and determining the commencement of sentences, under 18 U.S.C. § 3585.

*United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006) (citing *United States v.*

*Wilson*, 503 U.S. 329, 334-35, 112 S.Ct. 1351 (1992)).  The Court reviews the BOP's

decision for abuse of the agency's "substantial discretion under 18 U.S.C. § 3621."

*Fegans v. United States*, 506 F.3d 1101, 1105 (8th Cir. 2007).

A.    *Commencement of Sentence*

Mr. Ramirez claims the BOP should have commenced his sentence on September

16, 2007, the date he says he was arrested.  (#1, p. 5)  A federal sentence, however,

cannot commence prior to the date it is imposed.  *Sisemore v. Outlaw*, 363 F.Appx. 424

(8th Cir. 2010) (per curiam) (citing *Coloma v. Holder*, 445 F.3d 1282, 1283-1284 (11th Cir. 2006).  The federal sentence at issue, *i.e.*, felon-in-possession of a firearm, was not imposed until February 11, 2009.  (#1, p. 9; #8-1, p 27)  Accordingly, the BOP did not err in declining to prematurely commence Mr. Ramirez's sentence.

      B.    *Custody Credit*

Mr. Ramirez claims the BOP should have granted him credit for the time he spent in custody from September 16, 2007, through October 5, 2008.  (#1, p. 5-6)  As noted, all the evidence in this record shows that Mr. Ramirez was arrested on October 5, 2007, not September 16, 2007.  ( #8-1, p. 2; #8-1, p. 14; #8-1, p. 16)  There is no support here for custody credit between September 16, 2007, and October 5, 2007.  Mr. Ramirez is entitled to custody credit, however, for time spent in custody after his arrest.  Records show that the BOP has properly awarded this credit.

Mr. Ramirez was arrested on October 5, 2007, because he had violated the conditions of his supervised release.  (#8-1, pp. 16-18)  On November 1, 2007, the United States District Court for the Western District of Texas revoked Mr. Ramirez's supervised release and imposed a twelve-month SRV sentence.  (#8-1, pp. 20-21)  Mr. Ramirez received 27 days' custody credit on his twelve-month SRV sentence for the time between his arrest on October 5, 2007, and the imposition of his SRV sentence on November 1, 2007.  (#8-1, p. 24)

Mr. Ramirez completed his SRV term on October 4, 2008.  He asks for custody credit through the next day, October 5, 2008.  Mr. Ramirez cannot receive "double credit" for his felon-in-possession sentence for the custody up to October 4, 2008, because this time was credited to his SRV term.  See 18 U.S.C. § 3585(b)(2) (a "defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention . . .  that has not been credited against another sentence"); *United States v. Wilson*, 503 U.S. 329, 337, 112 S.Ct. 1351, 1356 (1992) (by enacting § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time").

Mr. Ramirez did receive custody credit toward his felon-in-possession term for custody from the end of his SRV term on October 5, 2008, to the day before imposition of his felon-in-possession sentence on February 10, 2009.  (#8-1, p. 35)  He is not entitled to any more credit than the BOP already awarded.

## III.   <u>Conclusion</u>

BOP officials have correctly calculated Mr. Ramirez's sentence.  Accordingly, Ricardo Ramirez's petition for a federal writ of habeas corpus is DENIED, and this case is DISMISSED, with prejudice.

DATED this 30th day of September, 2013.

_____
UNITED STATES MAGISTRATE JUDGE